The order below is hereby signed.

Signed: April 28 2017



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                        )
                             )
LISA RENAY AIKEN,            )     Case No. 16-00658
                             )     (Chapter 7)
            Debtor.          )
```

MEMORANDUM DECISION AND ORDER

This addresses the debtor's motion to redeem a car (Dkt. No. 23). Redemption under 11 U.S.C. § 722 is limited to "tangible personal property intended primarily for personal, family, or household use" and requires that the debtor pay the creditor the allowed amount of its secured claim. In turn, 11 U.S.C. § 506(a)(2) provides:

> If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

The exhibit upon which the debtor relies to determine the amount of the allowed secured claim is an Appraisal Offer by CarMax that

lists the trade-in value of the car, appearing to state what CarMax is willing to pay for the car.  That is not the replacement value of the car, as defined in § 506(a)(2).  It is thus

    ORDERED that the debtor's *Motion to Redeem Property* (Dkt. No. 23) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders;

Navy Federal Credit Union
Cutler Dawson, CEO
820 Follin Lane, SE
Vienna, VA 22180